**Memorandum to Counsel Appointed under the Criminal Justice Act**

**In the Case of:**

<u>**CR 10-865-TUC-DCB (GEE)**</u>                    **(DESIGNATED AS A COMPLEX CASE)**
Case Number

<u>**USA v ISAAC MONGE, ET AL.**</u>

Re:  Interim Payments for Representation of Counsel

Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 A of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, the following procedures for interim payments shall apply during the court of your representation in this case:

    1. <u>Submission of Vouchers</u>

Counsel shall submit to the court clerk, on a quarterly basis, an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the twentieth day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to <u>October 30, 2010</u>, and shall be submitted no later than <u>November 30, 2010</u>; thereafter, the vouchers shall be submitted on a **QUARTERLY** basis according to the schedule outlined above. In addition, counsel shall complete Item 19 of the form. Each voucher shall indicate interim payment number and shall also include the time period each covers. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the <u>Guidelines for the Administration of the Criminal Justice Act</u> outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

    ***A COPY OF THIS ORDER MUST BE ATTACHED TO EACH VOUCHER***

The interim vouchers will be reviewed when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. Payment for all reimbursable expenses reasonably incurred may be authorized.

Every twelve months, counting from the submission date for the first interim voucher, until the conclusion of the representation, counsel shall submit a cumulative interim voucher seeking payment of the outstanding one-third balance withheld from all earlier interim compensation paid out during the preceding eleven-month interval, as well as payment for representation provided during the last interim period of the interval. The cumulative interim voucher shall be labeled as such and shall set forth in detail the time and expenses claimed for the entire interval, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the cumulative interim voucher, as well as the net amount remaining to be paid at the end of the interval. After reviewing the cumulative interim voucher, I will submit it to the chief judge of the circuit, or his or her delegate, for review and approval. At the conclusion of the representation, each counsel shall submit a final cumulative voucher seeking payment of the one-third balance withheld from the interim vouchers processed during the final interval, as well as payment for representation provided during the last interim period of the interval.

2. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $ 500.00 prior to May 27, 2010 or $800.00 on May 27, 2010 and thereafter without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the clerk stating the nature of the expenses, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $ 300.00 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the city/county of PIMA for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $ 500.00 /$800.00 rule should be applied in the following manner. Travel expenses, such as mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Supporting documentation (receipts, canceled checks, etc.) for all travel expenses must be attached. Counsel should contact Finance of the CJA Voucher Review Unit of the Clerk's Office to obtain government airfare rates for CJA related trips. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $ 500.00 before May 27, 2010 or $800.00 from May 27, 2010 and thereafter, the travel shall receive prior approval of the Court.

CR 10-865-TUC-DCB (GEE)                                    PAGE 3 OF 4
USA VS **ISAAC MONGE, ET AL.**

The following additional guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of $0.50 per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the city/county of  PIMA       in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. §1825.

d.      The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

e. Computer research expenses can be referenced in the CJA Guidelines.

3. Further questions or guidance

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in 18 U.S.C. §3006A or the Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry to the Voucher Review Unit of the Clerk's Office.

CR 10-865-TUC-DCB (GEE)                                            PAGE 4 OF 4
USA VS **ISAAC MONGE, ET AL.**

The CJA guidelines referred to in this memorandum are not exhaustive. You may also refer to our website at: www.azd.uscourts.gov. (See CJA Panel Information)

_____            Aug. 26, 2010
Honorable David C. Bury              DATE
United States District Judge

Approved:

_____            SEP 1 7 2010
Honorable Marsha S. Berzon           DATE
Circuit Judge of the United States
Court of Appeals for the Ninth Circuit

cc: ALL DEFENSE COUNSEL, VOUCHER, COURTROOM DEPUTY

Interim.20